United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **MICHAEL ANDREW LEEPER,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 17-cv-10185-NMG |
| **VINCENT VIOLA, SECRETARY OF THE ARMY, ET AL.,** | ) | |
| Defendants. | ) | |

**Gorton, J.**

This case arises out of the non-honorable discharge of plaintiff Michael Andrew Leeper ("plaintiff") from the United States Army in 1963.  Plaintiff filed suit in 2015 contesting that discharge but his case was dismissed in August, 2016. Leeper v. Battery A Third Division, et al., No. 15-13791-NMG (D. Mass. Filed Nov. 9, 2015).

Not being easily dissuaded, Mr. Leeper filed his present complaint in February, 2017, alleging in nearly identical terms used in his first complaint, that the discharge was a violation of his due process rights and that he consequently suffered damages in the amount of $10 million.

On May 26, 2017, defendants Vincent Viola, Secretary of the Army, the United States Attorney's Office and Shanna L. Crowin, counsel for the Army ("defendants") filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction

-1-

and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff has subsequently filed motions to amend his complaint by adding claims under the Federal Tort Claims Act ("FTCA"), under 42 U.S.C. § 1983 and for trespass. For the reasons that follow, the motion to dismiss will be allowed and the motions to amend will be denied as futile.

**I.   Defendants' Motion to Dismiss**

Defendants move to dismiss plaintiff's complaint on the grounds that 1) it is barred by issue preclusion, 2) this Court lacks subject matter jurisdiction and 3) the statute of limitations has run.

Defendants' arguments in support of their motion to dismiss are well taken. First, the suit is barred by issue preclusion: the plaintiff filed, essentially, the same suit one year ago and has not alleged any new facts or provided a cure for the lack of subject matter jurisdiction then and now. See Lowe v. United States, 79 Fed. Cl. 218 (2007).

Second, this Court lacks subject matter jurisdiction. Plaintiff seeks monetary damages from the Secretary of the Army, but there is no plausible allegation that sovereign immunity has been waived. Moreover, the prerequisites for diversity jurisdiction are lacking and sovereign immunity is not waived automatically for a claim for monetary damages based upon a

federal question. 18 U.S.C. §§ 1331, 1332; See also Sibly v. Ball, 924 F.2d 25, 2829 (1st Cir. 1991). Nor does the Administrative Procedure Act, 5 U.S.C. § 702, provide a cause of action for suits seeking monetary damages. See Com. Of P.R. v. U.S., 490 F.3d 50, 57 (1st Cir. 1987).

Third, plaintiff's claims, which are based upon events that occurred in 1963, are time-barred. Although the Tucker Act gives the Court of Federal Claims jurisdiction over non-tort constitutional claims against the United States for over $10,000, transfer to that Court would be futile because plaintiff's claims have been brought nearly one-half of a century after the running of the Tucker Act's six-year statute of limitations. 28 U.S.C. § 2501. The three-year statute of limitations for plaintiff's Bivens' claims has also long since expired. Rossiter v. Potter, 357 F.3d 26, 34 n.7 (1st Cir. 2004).

## II.  **Plaintiff's Motion to Amend and to Add a Claim Under the FTCA**

Plaintiff moves to amend his complaint to add a claim under the FTCA. Defendants counter that plaintiff's proposed FTCA claim is without legal merit and accordingly should be denied as futile. This Court agrees that plaintiff's motion to add a claim under the FTCA is futile because he has failed 1) to exhaust his administrative remedies under the FTCA and 2) to

notify the Department of the Army of his claim within two years as required in the statute. See McNiel v. United States, 508 U.S. 106, 113 (1993); See also Gonzales v. United State, 284 F.3d 281, 288 (1st Cir. 2002).

### III. **Plaintiff's Motion to Amend and Add a Claim of Trespass**

Plaintiff also moves to amend his complaint to add a state tort claim of trespass. That motion will be denied as futile because such a claim is time-barred. Under Massachusetts law, M.G.L. c. 260 § 2(A), a tort action must be commenced within three years of the accrual of the action. See Khatchatourian v. Encompass Ins. Co. of Massachusetts, 935 N.E.2d 777, 780 (Mass. App. Ct. 2010). In the present case, the purported trespass occurred in 1963 and is thus outside of the applicable statute of limitations.

### IV. **Plaintiff's Motion Amend and Add a 42 U.S.C. § 1983 Claim**

Finally, plaintiff's motion to add a 42 U.S.C. § 1983 claim will be denied as futile because plaintiff has failed to meet the state action requirement. Section 1983 provides a remedy for individuals whose rights have been violated by a state, while plaintiffs may file a Bivens' claim if the federal government violates their rights. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); See Ziglar v. Abbasi, No. 15-1358, 2017 WL 2621317, at *1 (U.S. June

19, 2017) (drawing a distinction between 14 U.S.C. § 1983 claims and <u>Bivens'</u> claims).

Plaintiff filed a <u>Bivens'</u> claim, alleging federal actions that violated his Constitutional rights in his original complaint.  He has not, however, alleged any state actions that would support a 42 U.S.C. § 1983 claim and thus amending his complaint to include a § 1983 claim would be futile.

**V.    Plaintiff's So-Called "Motions"**

Finally, the Court notes that the plaintiff's so-called "motions" are all simply print outs of statutes and cases and are thus fundamentally deficient because it is impossible to discern plaintiff's arguments.  This Court will summarily deny such "motions" and forewarns the plaintiff that if he persists in filing such "motions" in the future, sanctions may be imposed.

## ORDER

In accordance with the foregoing, defendants' motion to dismiss (Docket No. 17) is **ALLOWED** and plaintiff's motions to amend (Docket Nos. 22, 29 and 30) are **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 30, 2017